IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLI GUTHRI                                                              PLAINTIFF

V.                            CIVIL ACTION NO. 2:18-cv-2182-MEF

ANDREW M. SAUL, Commissioner
Social Security Administration                                           DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court does not find substantial evidence to support the ALJ's RFC determination in this case. Records from Dr. James Harbin and Dr. Sharon Little submitted to the Appeals Council indicate that the Plaintiff continued to experience pain and range of motion limitations in her right wrist, contradicting the ALJ's conclusion that she "provided no evidence of subsequent medical visits indicating that doctors expected continued hand limitations or debility." Thus, remand is required to allow the ALJ to reformulate the RFC to include restrictions regarding her right wrist.

To aid him in ascertaining her true work-related abilities, the ALJ is directed to obtain an RFC assessment from Plaintiff's treating orthopedist. If this physician is unable or unwilling to complete an RFC assessment, then the ALJ is directed to obtain a consultative orthopedic exam, complete with an RFC assessment specifically addressing Plaintiff's ability to use her wrists.

The record also reveals that the Plaintiff has an impairment to her lower extremities that could impact her ability to stand and/or walk the requisite six hours per workday as is required of medium level work, as found by the ALJ. Plaintiff has complained of pain in her left lower extremity and physical exams document a history of stress fractures to her lower extremities with some lingering crepitus, tenderness, and ROM limitations in the left knee. Because the case is being remanded for further consideration of Plaintiff's RFC with regard to other impairments, the ALJ should also reconsider whether an individual with the Plaintiff's impairment history can actually perform medium level work. To assist him in making that determination, he is directed to obtain an RFC assessment from Plaintiff's primary care physician.

IT IS SO ORDERED AND ADJUDGED on this the 5th day of September, 2019.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE